Citation Nr: 1434252 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 09-43 518 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to an initial (compensable) rating for bilateral hearing loss. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

T. M. Gillett, Counsel


INTRODUCTION

The Veteran served on active duty from September 1968 to August 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In August 2013, the Veteran testified at a Travel Board hearing before the undersigned; a transcript of this hearing is associated with the claims file. 

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this case should take into consideration the existence of the electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board finds that additional development is required before the issue on appeal is ripe for adjudication upon the merits. 38 C.F.R. § 19.9 (2013). The Veteran essentially contends that the noncompensable (zeropercent) rating currently assigned for his bilateral hearing loss does not accurately reflect the actual severity of that disability. 

The Veteran has made statements indicating that his ability to work as a service advisor at an automobile dealership is severely affected by his hearing loss, especially in speaking with customers. Although the Veteran's most recent speech recognition scores are essentially normal (96 percent bilaterally), his bilateral puretone threshold measures are of such severity as to nearly trigger consideration of the provisions for exceptional patterns of hearing loss, found at 38 C.F.R. 
§ 4.86 (2013). Therefore, a remand is necessary to determine if an extraschedular rating for bilateral hearing loss is justified. 

Accordingly, the case is REMANDED for the following action:

1. Considering the Veteran's reported difficulties at work and the high puretone threshold scores, the case should be referred to the Director of VA's Compensation and Pension Service for consideration of an extraschedular evaluation. 

2. Thereafter, readjudicate the claim on appeal. If the benefit sought is not fully granted, furnish the Veteran and his representative a supplemental statement of the case (SSOC), and allow the appropriate response time before the claims file is returned to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
KELLI A. KORDICH
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).